```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**JIMMY O'QUINN,**

    **Plaintiff,**

  **v.**                                            **ACTION NO. 2:06cv470**

**CNH AMERICA, LLC**
**t/a CASE IH and/or CASE,**

**LEBANON EQUIPMENT COMPANY, INC.,**

**and**

**FOWLKES MACHINE COMPANY, INC.,**

    **Defendants.**

## ORDER OF REMAND

For the reasons discussed below, the court finds that subject matter jurisdiction is lacking and the above-styled action is hereby **REMANDED,** pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of the City of Norfolk, Virginia, where it was originally filed.

### I. Factual and Procedural History

On November 24, 2004, plaintiff Jimmy O'Quinn ("O'Quinn") filed this action in the Circuit Court of the City of Norfolk, asserting claims of product liability and breach of warranty against defendants CNH America, LLC ("Case"), Lebanon Equipment Company ("Lebanon"), and Fowlkes Machine Company ("Fowlkes"). O'Quinn, a citizen of Virginia, seeks $1,000,000.00 in compensatory

damages against Case, a Delaware limited liability corporation with its principal place of business in Racine, Wisconsin; Lebanon, a Virginia corporation with its principal place of business in Rosedale, Virginia; and Fowlkes, a Virginia corporation with its principal place of business in Wytheville, Virginia. O'Quinn served Case with this motion for judgment on October 26, 2005.

On August 17, 2006, Case filed a notice of removal pursuant to 28 U.S.C. §§ 1332(a), 1441(a) in this court.[1] In this notice, Case alleged that removal was timely and all procedural requirements had been satisfied. Thus, Case argued that removal was proper. Lebanon and Fowlkes joined and adopted Case's memorandum in support of removal.[2] O'Quinn did not file a motion to remand.

---

[1] Title 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." Under 28 U.S.C. § 1332(a), the district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States . . . ." Case argues that removal under 28 U.S.C. §§ 1332(a), 1441(a) is proper because O'Quinn's motion for judgment seeks over $75,000 in damages, and there is complete diversity of citizenship between O'Quinn, a citizen of Virginia, and Case, a citizen of Delaware and Wisconsin, who is the only properly named defendant. According to Case, the citizenship of nondiverse defendants Lebanon and Fowlkes may be disregarded for jurisdictional purposes because they have been fraudulently joined as defendants in the case.

[2] In general, in the case of multiple defendants, the judicially imposed "rule of unanimity" requires that all defendants join in the removal and comply with the procedural requirements for removal set forth in § 1446. See, e.g., Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992). However, in cases involving fraudulent joinder, the application of this requirement

2

## II. Analysis

Even though O'Quinn did not file a motion to remand, courts of limited jurisdiction, such as this court, must determine whether subject matter jurisdiction exists over every action. Accordingly, this court considers, sua sponte, whether this action was properly removed. See Thompson v. Gillen, 491 F. Supp. 24, 26 (E.D. Va. 1980); see also A.S. Abell Co. v. Chell, 412 F.2d 712, 716 (4th Cir. 1969).

The party seeking removal has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The right to remove an action from state to federal court is a statutory right. See 28 U.S.C. § 1441(a); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (noting that the right of removal is "entirely a creature of statute"). Because removal raises significant federalism concerns, the court must strictly construe the removal statute. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)

---

is "nonsensical, as removal . . . is based on the contention that no other proper defendant exists." Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993); see Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) (per curiam) (holding that defendants who are fraudulently joined need not join or consent to a petition for removal); Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) (same); Fleming v. United Teacher Assocs. Ins. Co., 250 F. Supp. 2d 658, 663 (S.D. W. Va. 2003) (same); McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59, 62 (W.D.N.C. 1978) (stating that fraudulently joined defendants are not required to join in petitions for removal). As a result, Lebanon and Fowlkes were not required to join or consent to Case's petition for removal, even though they did so.

(en banc). In addition, doubts about the propriety of removal should be resolved in favor of remand. <u>See</u> <u>id.</u>

The propriety of removal in this case turns on whether Case's notice of removal was timely filed pursuant to 28 U.S.C. § 1446(b). Specifically, § 1446(b) provides that

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

28 U.S.C. § 1446(b) (emphasis added). Pursuant to this statute, therefore, the defendant, who seeks to remove a diversity case, must comply with two separate time limits. <u>See</u> <u>US Airways, Inc. v. PMA Cap. Ins. Co.</u>, 340 F. Supp. 2d 699, 703 (E.D. Va. 2004). First, the defendant must remove an action within thirty days of receiving notice of an event creating diversity. <u>See id.</u> Second, even if the defendant satisfies this thirty-day requirement, the defendant may not remove an action "'more than 1 year after commencement of the action.'" <u>See id.</u> (quoting 28 U.S.C. § 1446(b)). Each time limit will be considered in turn.

### A. Thirty-Day Limitation

The law with respect to the thirty-day time limit is well-established. <u>See id.</u> Section 1446(b) provides that if a case stated by the initial pleading is not removable, a notice of

4

removal may be filed within thirty days after the defendant receives "'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) (quoting 28 U.S.C. § 1446(b)). Various courts have held that information gained from discovery may constitute such an "other paper" and provide a defendant with notice that a case is removable. See, e.g., Peters v. Lincoln Elec. Co., 285 F.3d 456, 465-66 (6th Cir. 2002); Huffman v. Saul Holdings Ltd., 194 F.3d 1072, 1077-78 (10th Cir. 1999); Link Telecomms., Inc. v. Sapperstein, 119 F. Supp. 2d 536, 543 (D. Md. 2000); Fisher v. United Airlines, Inc., 218 F. Supp. 223, 225 (S.D.N.Y. 1963); Gilardi v. Atchison, Topeka, & Santa Fe Ry. Co., 189 F. Supp. 82, 84 (N.D. Ill. 1960).

Case's theory of removal is premised on the notion that the action was not initially removable by virtue of O'Quinn's complaint, but became removable when it received O'Quinn's expert disclosure during discovery on July 26, 2006. It is at that time that Case contends that it first received notice from which it could be ascertained that the action was removable. More specifically, Case contends that through O'Quinn's expert disclosure, it discovered that codefendants, Lebanon and Fowlkes, were fraudulently joined. O'Quinn has never controverted this assertion, so this court accepts as true Case's contention that it

was not aware that the case was removable until July 26, 2006. Because Case removed this action on August 17, 2006, twenty-two days after the receipt of O'Quinn's expert disclosure, this court finds that Case's notice of removal complied with the first time limitation of § 1446(b).

### B. One-Year Limitation

Although Case's notice of removal satisfies the first time limitation of § 1446(b), it must also satisfy the second. Because Congress has prohibited the removal of a diversity case "more than 1 year after commencement of the action," the central question of this case is what date commences an action for the purposes of the removal state. See 28 U.S.C. § 1446(b). In US Airways, Inc. v. PMA Cap. Ins. Co., 340 F. Supp. 2d 699, 709 (E.D. Va. 2004), this court determined that "the one year diversity removal bar commenced to run on the date the action was commenced by the filing of the motion for judgment." Thus, under US Airways, Inc., Case's August 17, 2006, notice of removal would be barred and considered untimely, as O'Quinn's motion for judgment was filed on November 24, 2004. However, in Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1285 (E.D. Va. 1991), this court adopted the approach that the one-year limitation period did not begin to run until the plaintiff filed the complaint and made a bona fide effort to serve

the defendant.[3]  Under the Saunders approach, Case's notice of removal, filed August 17, 2006, would be timely because service was not effected on Case until October 26, 2005.[4]

After examining each of these approaches, this court adopts the reasoning of US Airways, Inc. and holds that a defendant must remove an action based on diversity jurisdiction within one year from the time the plaintiff has filed a motion for judgment in state court.[5]  In support, this court has noted that state law governs the determination of the "commencement of the action" for the purpose of the one-year limit on removal. See US Airways, Inc., 340 F. Supp. 2d at 704 n.4 (citing Easley v. Pettibone Mich. Corp., 990 F.2d 905, 908 (6th Cir. 1993); Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1287-88 (E.D. Va. 1991); Robinson v. J.F. Cleckley & Co., 751 F. Supp. 100, 104 (D.S.C. 1990)).  In Virginia,

---

[3] In Saunders, the court encountered a factual situation where the plaintiff engaged in "artful maneuvering" and procedural gamesmanship to deprive the defendant of its entitlement to removal. 777 F. Supp. at 1284. However, in the case at bar, as in US Airways, Inc., there has been no allegation and the record does not reveal any manipulation of statutory deadlines by the plaintiff in effecting service on Case. See US Airways, Inc., 340 F. Supp. 2d at 707 (stating that the reasoning of Saunders need not be applied because the concerns about the plaintiff's conduct were not present).

[4] This conclusion assumes no bona fide attempt to serve Case before August 17, 2005.

[5] Case obviously urges this court to adopt the Saunders approach. See Notice of Removal, ¶ 24 & n.11.  Interestingly, Case's counsel did not cite the more recent case, US Airways, Inc., from this district.

Rule 3:3 of the Rules of the Supreme Court of Virginia defines the commencement of an action in the following terms: "An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto."[6] By the Rule's plain language, an action is commenced, and thus the one-year limitation period of § 1446(b) begins to run on the date a party files a motion for judgment in the clerk's office, not the date the defendant was served. See US Airways, Inc., 340 F. Supp. 2d at 704. In addition, although the Fourth Circuit has not explicitly decided this issue, it has referred to the one-year limitation in diversity cases as an "absolute bar to removal of cases" more than one year after commencement of the action. See Lovern v. Gen. Motors Corp., 121 F.3d 161, 163 (4th Cir. 1997). This conclusion is further buttressed by the principles of construction that require that removal jurisdiction "'be strictly construe[d]'" and that all doubts be resolved in favor of remand. US Airways, Inc., 340 F. Supp. 2d at 705 (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)).

In this case, O'Quinn filed a motion for judgment in the Circuit Court for the City of Norfolk on November 24, 2004. Thus, the commencement of this action occurred, and the one-year

---

[6] Rule 3 of the Federal Rules of Civil Procedure also makes clear that a civil action "is commenced by filing a complaint with the court." FED. R. CIV. P. 3.

8

limitation on removal began to run, on this date. Because Case removed this action on August 17, 2006, nearly two years later, the plain language of the statute and the Rule compel the conclusion that Case's request for removal is untimely and the case must be remanded to the state court.

### III. Conclusion

For the reasons stated above, the court finds that subject matter jurisdiction is lacking in this case. Therefore, the court **REMANDS** plaintiff's case to the Circuit Court of the City of Norfolk, Virginia, where it was originally filed, for further proceedings.[7]

The Clerk is **DIRECTED** to send a copy of the Order to counsel for all parties and to the Circuit Court of the City of Norfolk. Further, the Clerk shall take the necessary steps to effect the remand to state court.

---

[7] Accordingly, this court does not have jurisdiction to consider defendants' Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a), also filed on August 17, 2006. Judge Lydia Calvert Taylor of the Circuit Court of the City of Norfolk has already considered defendants' Motion to Transfer Venue pursuant to Virginia Code Ann. § 8.01-265 based on forum non conveniens and issued opinion letters on July 31, 2006, and August 10, 2006, concluding that Case had demonstrated good cause that "Norfolk is a forum non conveniens for the present action." The case was removed to this court before Judge Taylor actually entered a transfer order. Thus, on remand, Judge Taylor will be able to enter an order effectuating her prior letter opinions.

**IT IS SO ORDERED.**

```
                              _____
                                         /s/
                              Rebecca Beach Smith
```

Norfolk, Virginia

October 18, 2006